DOUCET, Judge.
The plaintiffs, Mr. and Mrs. Foreman, sued the defendant, Burke Saucier, to recover a $750.00 loan. The defendant admitted the transaction was originally a loan and that it was not repaid. However, he contends that the $750.00 was later converted into a deposit under an agreement with the plaintiff-wife and her sister to buy defendant’s beauty salon business. He further contends that the deposit was earnest money which the buyers forfeited when they refused to complete the sale. The plaintiffs emphatically deny that any such agreement ever existed.
The trial judge refused to accept the defendant’s uncorroborated testimony as to the purchase agreement and gave judgment for plaintiffs, concluding that defendant had not established his affirmative defense. The defendant appealed.
The only issue involved here is a factual one involving the credibility of the witnesses. Upon appellate review, the findings of the trial judge in such cases, of course, are entitled to great weight and will not be disturbed unless manifestly in error or clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). We have carefully reviewed the record and certainly cannot say that such is the case in this instance. Therefore, we affirm the judgment of the district court at appellant’s cost.
AFFIRMED.